T.C. Summary Opinion 2015-38

UNITED STATES TAX COURT

JEROME PADILLA AND MARGIE PADILLA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30807-12S.                          Filed June 29, 2015.

Jerome Padilla and Margie Padilla, pro sese.

<u>Emerald G. Smith</u>, for respondent.

SUMMARY OPINION

GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule references are to the Tax

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $6,378 income tax deficiency for petitioners' 2010 taxable year. After concessions[2] the issue for our consideration is whether the losses from petitioners' rental real estate activity may be deducted from nonpassive income under the provisions of section 469.

Background

Petitioners resided in California when their petition was filed. Petitioners were employed during 2010 and, together, earned wages totaling $131,368. They owned five single-family rental properties, one of which was in San Francisco, California, and two each of which were in Round Rock and Pflugerville, Texas, respectively.

On their 2010 Schedule E, Supplemental Income and Loss, petitioners reported: gross rental income totaling $72,790, expenses totaling $81,693, and depreciation totaling $21,243, all of which resulted in a net loss of $30,146.

---

[1](...continued)
Court Rules of Practice and Procedure.

[2]Petitioners conceded that they are not entitled to deduct $3,629 of mortgage interest and that they failed to report $562 of qualified dividend income on their 2010 joint income tax return.

Petitioners deducted the $30,146 reported net loss from their wage and other income. Respondent, in a notice of deficiency dated September 26, 2012, among other adjustments, disallowed $28,694 of the claimed rental activity loss deduction, because, according to respondent, the losses were passive activity losses.

Jerome Padilla (petitioner) was a finance professional who managed companies' budgets and financial reporting. He purchased a single-family residence during 2000 and four additional single-family residences during 2005-06. During 2006 when the real estate market was good, petitioner decided to pursue a rental real estate activity.

The company petitioner worked for was restructuring and downsizing during 2009, and in April 2010 petitioner lost his job. Petitioner worked approximately 676 hours for the company during 2010 until his employment was terminated. The loss of his job coupled with an overall economic downturn in the real estate market caused petitioner to spend more time in trying to refinance and in other activity related to his rental properties. He also spent time considering alternatives, including opening a self-storage business, acquiring more single-family homes, and opening a wine bar.

During 2010 petitioners' four rental houses in Texas were managed by Gaynor Property Management Co., LLC (Gaynor). Gaynor provided complete management of the Texas properties and would consult with petitioners regarding any needed repairs or maintenance or other aspects involving the rental activity. If a repair or maintenance was agreed upon, Gaynor would hire the contractor to do the work. Petitioner was more involved in the San Francisco rental property but also hired a real estate company to handle the rental activity and to oversee repairs.

Petitioner prepared a summary document that purported to reflect 764 hours worked in his rental activity. Several of the items in the summary related to 37 spent hours researching new business investment opportunities, including opening a wine bar and a self-storage facility. Numerous hours were spent "Research[ing] Existing Property Locations", which included searching for new real estate investments near the five rental properties. Numerous hours were spent considering "Refinance" of existing properties.

## Discussion

The primary dispute in this case is whether petitioner was engaged for at least 750 hours as a real estate professional in his rental real estate activity. Respondent contends that petitioners fail to meet the test to be entitled to use

losses from a rental real estate activity against nonpassive income, for the following reasons: (1) the 750-hour test was not met because the log included nonrental activity and/or investor activity; (2) petitioners did not properly elect to treat all rental activity as one activity; and (3) petitioners failed to adequately substantiate the number of hours spent in the activity.

Generally, the taxpayer bears the burden of proving entitlement to any deductions claimed. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). This burden may shift to the Commissioner if the taxpayer introduces credible evidence with respect to any relevant factual issue and meets other conditions, including maintaining required records. See sec. 7491(a)(1). Petitioners have not established their compliance with section 7491(a). Accordingly, petitioners bear the burden of proof. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Taxpayers are allowed deductions for certain business and investment expenses; however, section 469(a) generally disallows any passive activity loss. Passive activity losses can be deducted only to the extent of passive activity gains in a particular tax year, and the remaining passive activity losses are suspended and may be carried forward to subsequent tax years. Sec. 469(b). Passive activity losses can be deducted from passive activity gains and ordinary income when the

underlying passive activity property is disposed of.  See generally St. Charles Inv. Co. v. Commissioner, 232 F.3d 773, 776 (10th Cir. 2000), rev'g 110 T.C. 46 (1998); Veriha v. Commissioner, 139 T.C. 45, 47 (2012).

A passive activity loss is defined as the excess of the aggregate losses from all passive activities for the taxable year over the aggregate income from all passive activities for that year.  Sec. 469(d)(1).  A passive activity is any trade or business in which the taxpayer does not materially participate, sec. 469(c)(1), or to the extent provided in regulations, any activity with respect to which expenses are allowable as a deduction under section 212, sec. 469(c)(6)(B).  Rental activity is generally treated as a per se passive activity regardless of whether the taxpayer materially participates.  Sec. 469(c)(2), (4).  Material participation is defined as involvement in the operations of the activity that is regular, continuous, and substantial.  Sec. 469(h)(1).

An exception to the rule that a rental activity is per se passive is found in section 469(c)(7), which provides that the rental activities of a taxpayer in real property businesses are not per se passive activities under paragraph (2) but are treated as a business subject to the material participation requirements of paragraph (1).  See sec. 1.469-9(e)(1), Income Tax Regs.  A taxpayer may qualify as a real estate professional if:  (1) more than one-half of the personal services

performed in trades or businesses by the taxpayer during the taxable year are performed in real property trades or businesses in which the taxpayer materially participates and (2) the taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates. Sec. 469(c)(7)(B)(i) and (ii). In the case of a joint return, either spouse must satisfy both requirements. Sec. 469(c)(7)(B). Thus, if either spouse qualifies as a real estate professional, the rental activities of the real estate professional are not per se passive under section 469(c)(2).

For purposes of determining whether a taxpayer is a real estate professional, a taxpayer's material participation is determined separately with respect to each rental property unless the taxpayer makes an election to treat all interests in rental property as a single rental real estate activity. Sec. 469(c)(7)(A); sec. 1.469-9(e)(1), Income Tax Regs. Petitioners did not show that they made an election to treat their five rental properties as a single activity. See sec. 1.469-9(g)(3), Income Tax Regs.

Section 1.469-5T(f)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988), provides guidelines for showing the number of hours spent in an activity, as follows:

The extent of an individual's participation * * * may be established by any reasonable means. Contemporaneous daily time reports, logs, or similar documents are not required if the extent of such participation may be established by other reasonable means. Reasonable means * * * include but are not limited to the identification of services performed over a period of time and the approximate number of hours spent performing such services during such period, based on appointment books, calendars, or narrative summaries.

Petitioner presented a log to respondent and the Court that purports to reflect a total of 764 hours spent engaged in his rental real estate activity during 2010. A log, coupled with petitioner's testimony, would generally suffice to meet the standards in section 1.469-5T(f)(4), Temporary Income Tax Regs., supra, to show the number of hours spent in an activity. Further, petitioner spent only 676 hours at his job during the first four months of 2010 before he lost that position.[3] Accordingly, if petitioner spent 764 hours, as per his log, engaged in services during 2010 in a rental real estate activity within the meaning of section 469(c)(7)(B)(i) and (ii), petitioners would be entitled to deduct the losses that respondent disallowed.

We reviewed petitioner's log coupled with his testimony to determine whether the activities listed constituted "material participation". Petitioner spent

---

[3]Respondent contends that petitioner spent 686.5 hours according to his pay slips. Ultimately, whether the number of hours was 676 or 686.5 is irrelevant to the outcome of this controversy.

at least 37 hours researching new business investment opportunities, including opening a wine bar and a self-storage facility. The other categories of monthly activities included property and rental management representing less than one-half of the hours for each month. Most of the hours for each month were in the following generic categories: research properties near properties already owned; refinance research; foreclosure research (which appears to be considering properties that could be purchased); and researching new businesses.

Petitioner hired a management company to manage the four Texas properties. Additionally, he hired a real estate company to find tenants and lease the San Francisco property. Accordingly, petitioner had relatively little personal involvement in the operation of the rental real estate activity that was regular, continuous, and substantial. Work done by an individual in the capacity of an investor in an activity is not generally treated as participation in the activity. Sec. 1.469-5T(f)(2)(ii)(A), Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988). Most of the items listed in petitioner's log are more in the nature of work done by an individual in the capacity of an investor. For example, researching properties near the existing properties and foreclosure research to acquire new properties were investor activities. They were not activities involving petitioner in

the operation of his existing rental real estate activity, such as finding tenants, making or overseeing repairs, etc.

Accordingly, petitioners' argument must fail because they have not shown that at least 750 hours were spent involved in the rental real estate activity, as opposed to investor activities.

We accordingly hold that petitioners have failed to show entitlement to deduct their passive losses from nonpassive income and/or that respondent's determination was in error.

To reflect the foregoing and to account for concessions of the parties,

Decision will be entered

for respondent.